KEVIN POLONCARZ (State Bar No. 211434)
TIMOTHY DUNCHEON (State Bar No. 338184)
JULIA BARRERO (State Bar No. 352614)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email:  kpoloncarz@cov.com

SARAH HARRINGTON (*Pro hac vice*)
LAURA KIM (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 208-9100
Email:  sharrington@cov.com

Counsel for Proposed *Amicus Curiae*
Environmental Defense Fund

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OTHAME DIB, JESUS GUERRERO, LUCA DELA CRUZ, JEANETTE PORILLO, PETER GHANEM, RITA CRANE, NATHANIEL SANSOM, FRANK NUÑEZ, and RANY WARDA, individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant | Civil Case No.: 5:25-cv-02043-NW-NMC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF ENVIRONMENTAL DEFENSE FUND IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Motion Hearing Date: November 12, 2025<br>Time: 9:00 AM<br>Judge: Hon. Noël Wise<br>Location: Courtroom 3 – 5th Floor |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

TO THIS HONORABLE COURT AND COUNSEL FOR THE PARTIES:

PLEASE TAKE NOTICE, that on November 12, 2025, or as soon thereafter as the matter may be heard before the Honorable Noël Wise in Courtroom 3 of the U.S. District Court for the Northern District of California, San Jose Division, Proposed *Amicus Curiae* Environmental Defense Fund ("EDF"), pursuant to Civil Local Rule 7-2, hereby moves the Court for leave to file the attached *amicus* brief in support of Defendant Apple Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) currently set for hearing on November 12, 2025. This Motion is based upon the Notice of Motion, Motion, Memorandum of Points and Authorities submitted with the Motion, the proposed *amicus* brief attached hereto, and any further evidence and argument that the Court may receive at or before the hearing.

The Court should grant leave to file this brief because proposed *amicus* has a substantial interest in the case and will provide important context to assist the Court in resolving the issues raised by Apple's motion to dismiss.

Counsel for Proposed *Amicus* has contacted the parties for their positions on this Motion. Counsel for Defendant consented to this Motion. On July 16, 2025, counsel for Proposed *Amicus* contacted counsel for Plaintiffs via email and requested their position by July 17, 2025. Counsel for Plaintiffs responded by email on July 16, 2025, requesting a copy of the proposed *amicus* brief. Counsel for Proposed *Amicus* responded by email within the same hour, conveying that counsel for Proposed *Amicus* do not customarily provide a draft copy of a proposed *amicus* brief prior to its filing, but that the proposed *amicus* brief would be along the same lines as the prior proposed *amicus* brief filed on behalf of Proposed *Amicus* in this case (ECF Doc. No. 23-1), which was attached to the response. As of July 18, 2025, counsel for Plaintiffs have not provided their position.

WHEREFORE, because Proposed *Amicus* has a substantial interest in this case, no party has stated its opposition to this motion, and the motion to dismiss is currently set to be heard on November 12, 2025, Proposed *Amicus Curiae* moves for the Court to either grant this motion on the papers without a hearing or hear this motion on or before November 12, 2025.

2
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF OF ENVIRONMENTAL DEFENSE FUND
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

Case Nos. 5:25-cv-02043-NW-NMC

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | /s/ Kevin Poloncarz |
|   | KEVIN POLONCARZ |
| 3 |   |
| 4 | KEVIN POLONCARZ (State Bar No. 211434) |
|   | TIMOTHY DUNCHEON (State Bar No. 338184) |
|   | JULIA BARRERO (State Bar No. 352614) |
| 5 | COVINGTON & BURLING LLP |
|   | 415 Mission Street, Suite 5400 |
| 6 | San Francisco, California 94105 |
|   | Telephone: (415) 591-6000 |
| 7 | Fax: (415) 591-6091 |

SARAH HARRINGTON (*Pro hac vice*)
LAURA KIM (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 208-9100
Email:  sharrington@cov.com

Counsel for Proposed *Amicus Curiae*
Environmental Defense Fund

Dated:  July 18, 2025

**MEMORANDUM OF POINTS AND AUTHORITIES**

Environmental Defense Fund ("EDF") hereby requests leave to file the attached *amicus curiae* brief in support of Apple.

## I. LEGAL STANDARD.

A "district court has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). Whether to allow *amicus curiae* to file a brief "is solely within the Court's discretion, and generally courts have 'exercised great liberality' in permitting amicus briefs." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)). The "classic role" of an *amicus* brief is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that might otherwise escape consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). EDF has extensive experience that is directly relevant to the legal and policy issues before this Court, particularly those related to the voluntary carbon market. Accordingly, EDF is uniquely able to assist the Court in deciding whether to grant Apple's motion to dismiss.

## II. PROPOSED *AMICUS CURIAE* HAS A SIGNIFICANT INTEREST IN THIS CASE.

EDF is a nonprofit organization headquartered in New York City that links science, economics, and the law to create innovative, equitable and cost-effective solutions to urgent environmental problems. EDF is one of the world's largest environmental organizations with hundreds of thousands of members across the United States and a staff of over 1,000 scientists, economists, policy experts, lawyers and other professionals from around the world.

Stabilizing the climate and protecting public health and the environment are core EDF missions. EDF regularly participates in regulatory and judicial proceedings at the federal and state level, counsels jurisdictions on carbon market policy and design, analyzes climate data and the scientific basis for climate mitigation strategies, and has worked for decades to improve corporate environmental performance. EDF does not accept gifts from companies with whom it works or that are involved or impacted by EDF's U.S.

advocacy or litigation, nor does EDF invest or otherwise have a financial interest in carbon credits, carbon crediting projects or markets.

As a longstanding champion of ambitious corporate climate action, EDF has a substantial interest in this case. EDF has been increasingly concerned about the recent rise of misguided greenwashing litigation targeting companies that make legitimate environmental claims based on justifiable, good-faith emission reduction strategies. While legitimate greenwashing litigation can correct and deter statements that are false or that mislead consumers, ill-conceived lawsuits such as this one—which targets Apple's use of high-quality, third-party-verified carbon credits—can chill productive corporate initiatives to mitigate the impacts of climate change.

As particularly relevant here, EDF has extensive expertise in carbon markets and has published numerous educational resources on the use of high-quality carbon credits.[1] In 2020, EDF published recommendations to mobilize high-quality carbon offsets to support the goals of the Paris climate agreement.[2] And in 2023, following eighteen months of collaboration and consensus-building, EDF and other major environmental nonprofits and Indigenous Peoples organizations released guidance for companies to follow when investing in tropical forest carbon credits.[3] The recommendations counseled organizations in part on how to ensure that tropical forest projects generate high-quality credits. For years, EDF has provided informed resources to help organizations utilize voluntary carbon offsets with integrity. EDF is uniquely positioned to assist the court in evaluating Apple's motion to dismiss.

### III. THE PROPOSED *AMICUS CURIAE* BRIEF WILL ASSIST THE COURT IN RESOLVING THE PENDING MOTION TO DISMISS.

---

[1] Env't. Def. Fund, Carbon market resources, available at https://www.edf.org/climate/carbon-markets (last accessed July 16, 2025).

[2] Env't. Def. Fund, Carbon Offsets – When Done Right – Can Reduce Emissions and Support the Paris Agreement: EDF and Engie Impact, Dec. 17, 2020, available at https://www.edf.org/media/carbon-offsets-when-done-right-can-reduce-emissions-and-support-paris-agreement-edf-and-engie.

[3] Env't. Def. Fund, Major NGOs Unveil Updated Guidance for Companies Navigating Tropical Forest Carbon Credit Market, Feb. 9, 2023, available at https://www.edf.org/media/major-ngos-unveil-updated-guidance-companies-navigating-tropical-forest-carbon-credit-market.

5
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF OF ENVIRONMENTAL DEFENSE FUND
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

Case Nos. 5:25-cv-02043-NW-NMC

EDF's proposed *amicus curiae* brief focuses on three issues that the Apple's motion to dismiss does not discuss in detail. Consequently, the proposed brief complements Apple's presentation of the issues and avoids repetition.

*First*, the proposed *amicus* brief provides factual background on the critical role that companies can play in mitigating global emissions and why high-quality carbon credits used to offset emissions have a key role in corporate climate action. With its long history of helping define best practices for setting corporate climate commitments, EDF provides insight to assist the Court in understanding best practices for reducing emissions and Apple's consistent adherence to these best practices. Specifically, Apple follows corporate best practices for climate action by substantially reducing the absolute emissions of its products before balancing remaining emissions with high-quality carbon offsets.

*Second*, the proposed *amicus* brief will provide context on the voluntary carbon market and the well-developed and rigorous methodologies and procedures of Verra's carbon crediting regime to explain why it is generally reasonable to substantiate carbon-neutral claims by using carbon credits that are third-party verified pursuant to these methodologies. In purchasing carbon credits to offset 25% or less of its remaining emissions from its overall corporate activities and the relevant Apple Watches, Apple reasonably relied on Verra's methodologies and its procedural framework. These methodologies are built on science-based assumptions as to complex issues as additionality and permanence. Verra's framework also requires third parties to verify that each project meets the program requirements and includes numerous guardrails, including a buffer pool, to preserve the integrity of the carbon reductions or removals. Apple's reliance on documents evidencing the crediting methodologies and issuance process available at the time Apple made its carbon neutral claims was reasonable and sufficient under the Federal Trade Commission's ("FTC") "Green Guides" and satisfies its multifactor test for what constitutes a "reasonable basis" for substantiating its claims.

*Third*, the proposed *amicus* brief provides insight on the practical impacts to the environment of accepting Plaintiffs' arguments. Plaintiffs' view that the law requires Apple to do more to substantiate its carbon-neutral claims lacks any limiting factor. Because few companies have the resources or expertise to engage in comprehensive investigation of every offset project in southwestern Kenya or on the high

6
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF OF ENVIRONMENTAL DEFENSE FUND
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

Case Nos. 5:25-cv-02043-NW-NMC

plateau of northwestern China, Plaintiffs' legal theory would chill corporate action to mitigate climate change. It would inject significant uncertainty into, and possibly paralyze, voluntary investments in climate mitigation activities. And even when companies deploy their resources to meaningfully mitigate climate change, legal risk would disincentivize them from advertising their efforts to the public. Ironically, Plaintiffs' case could *harm* the environment and result in *less* information for consumers.

In light of Proposed *Amicus Curiae*'s extensive experience with climate policy and the voluntary carbon market, and because the proposed brief supplements, rather than duplicates, Apple's opening brief in support of its motion to dismiss, the proposed *amicus* brief will aid this Court's informed consideration in the pending action. Therefore, Proposed *Amicus Curiae* respectfully requests that the Court grant EDF's Motion for Leave to File the proposed *Amicus Curiae* brief attached hereto.

Dated: July 18, 2025

By: */s/ Kevin Poloncarz*
  KEVIN POLONCARZ

KEVIN POLONCARZ (State Bar No. 211434)
TIMOTHY DUNCHEON (State Bar No. 338184)
JULIA BARRERO (State Bar. No. 352614)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Fax: (415) 591-6091
Email: kpoloncarz@cov.com

SARAH HARRINGTON (*Pro hac vice*)
LAURA KIM (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 208-9100
Email: sharrington@cov.com

Counsel for Proposed *Amicus Curiae*
Environmental Defense Fund